■ In the Matter of PETER J. BYRNE, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.—

Concur — Capozzoli, J. P., Markewich and Kupferman, JJ.; Steuer, J., dissents in the following memorandum: In this article 78 proceeding petitioner, the clerk assigned to Part V, Supreme Court, Nassau County, seeks to have his classification changed from Clerk III to Clerk IV. The title specifications for Clerk III and Clerk IV are quite similar, the differences that do exist being of degree only. Both refer to clerks who are responsible for the non-judicial work and the supervision of the nonjudicial staff in parts of the Supreme Court having a large volume of business and a sizeable staff. The scheme of the specifications is that the size of the office, measured in terms of the amounts of its business, determines whether the clerk assigned to it should be classified as Clerk III or IV. Just where the dividing line is to be found is not set out in the specifications, though there are criteria. It was abundantly established that these criteria were followed by respondent. The gist of the petitioner's contention, adopted by Special Term, was that Part V, Nassau County, is the part handling matrimonial proceedings. The clerk of the corresponding part in New York County is classified in Grade IV. It is concluded that, as the respective clerks perform the same functions, they should have the same grade. The argument is self-defeating because it would apply with equal force to a clerk in a county with a very small percentage of the number of matters handled by its court. There is no proof and no finding that a comparison of the respective parts in regard to the criteria (the size of the respective staffs and the grade of the employees in those staffs; the amount of the business done; and the supervision under which the clerk acts) shows or even indicates that respondent acted arbitrarily. In the absence of such finding it is elementary that respondent's position is unassailable. Nor is it a ground for entertaining the application that the differences between Grade III and Grade IV are nicer than what the court would like to see. The remedy for that would be to abolish Grade IV and reduce all the incumbents to Grade III. The judgment should be reversed and the petition dismissed.

(Republished.)